SHORTESS, Judge,
concurring.
I agree with the result but do not agree that DOTD was guilty of any La.C.C. art. 2315 fault in this case. Its fault, if any, comes from La.C.C. art. 2317 because as custodian of U.S. Highway 90 it had a fundamental duty to properly maintain the highway. Robertson v. Handy, 354 So.2d 626 (La.App. 1st Cir.1977), writ denied, 356 So.2d 434 (1978). A passive breach of that duty inured to the benefit of the plaintiffs in this case.
Louisiana Paving was guilty of article 2315 fault which was the primary cause of the accident in my opinion. However, DOTD’s breach of its article 2317 duty and Louisiana Paving’s breach of its article 2315 duty combined to produce, in solido, responsibility for plaintiffs’ damages.
DOTD’s third party demand against Louisiana Paving is good because it was guilty of no negligence. Louisiana Paving contracted to indemnify DOTD for any loss it sustained because of Louisiana Paving’s negligence. DOTD is entitled to recover *267 the full extent of its loss, including costs and attorney fees.
I respectfully concur.